# EXHIBIT A

 **CT Corporation**

**Service of Process
Transmittal**
10/25/2019
CT Log Number 536512359

**TO:** Bruce Gelting
Rentokil North America, Inc.
1125 Berkshire Blvd
Wyossiming, PA 19610

**RE:** **Process Served in Michigan**

**FOR:** Rentokil North America, Inc.  (Domestic State: PA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | MARK W. DOBRONSKI, ETC., PLTF. vs. RENTOKIL NORTH AMERICA, INC., ETC., DFT. |
| **DOCUMENT(S) SERVED:** | COMPLAINT, SUMMONS |
| **COURT/AGENCY:** | DISTRICT COURT FOR THE 18th JUDICIAL DISTRICT, MI<br>Case # 1980501GC |
| **NATURE OF ACTION:** | BREACH OF CONTRACT |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Company, Plymouth, MI |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 10/25/2019 at 16:58 |
| **JURISDICTION SERVED :** | Michigan |
| **APPEARANCE OR ANSWER DUE:** | 01/14/2020 |
| **ATTORNEY(S) / SENDER(S):** | Mark W. Dobronski<br>Post Office Box 85547<br>Westland, MI 48185<br>734-641-2300 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 10/25/2019, Expected Purge Date: 10/30/2019<br><br>Image SOP<br><br>Email Notification,  Bruce Gelting  Bruce.Gelting@rentokilna.com<br><br>Email Notification,  Kathleen Green  kathy.green@rentokil.com |
| **SIGNED:**<br>**ADDRESS:** | The Corporation Company<br>1999 Bryan Street<br>Suite 900<br>Dallas, TX 75201 |
| **For Questions:** | 866-665-5799<br>SouthTeam2@wolterskluwer.com |

Page 1 of  1 / SV

Information displayed on this transmittal is for CT
Corporation's record keeping purposes only and is provided to
the recipient for quick reference. This information does not
constitute a legal opinion as to the nature of action, the
amount of damages, the answer date, or any information
contained in the documents themselves. Recipient is
responsible for interpreting said documents and for taking
appropriate action. Signatures on certified mail receipts
confirm receipt of package only, not contents.

Approved, SCAO

| STATE OF MICHIGAN 18th | JUDICIAL DISTRICT JUDICIAL CIRCUIT COUNTY PROBATE | SUMMONS | CASE NO. 19-80501 -GC |
|---|---|---|---|

**Court address**
36675 FORD RD    WESTLAND, MI 48185-2210

**Court telephone no.**
(734) 595-8720

Plaintiff's name(s), address(es), and telephone no(s).

MARK W. DOBRONSKI        TEL: (734) 641-2300
PO BOX 85547
WESTLAND, MI 48185-0547

v

Defendant's name(s), address(es), and telephone no(s).

RENTOKIL NORTH AMERICA, INC.    TEL: (888) 761-3030
c/o CTI CORPORATION SYSTEM
30600 TELEGRAPH RD STE 2345
BINGHAM FARMS, MI 48025

'19 OCT 15 AM11:0

Plaintiff's attorney, bar no., address, and telephone no.

PRO SE

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

## Domestic Relations Case

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

## Civil Case

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☐ this court, ☐ _____ Court, where

it was given case number _____ and assigned to Judge _____ .

The action ☐ remains ☐ is no longer   pending.

Summons section completed by court clerk.           **SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date OCT 1 5 2019 | Expiration date* JAN 1 4 2020 | Court clerk Jennifer McMillan |
|---|---|---|

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01 (9/19) **SUMMONS**                    MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105

## STATE OF MICHIGAN
## IN THE DISTRICT COURT FOR THE 18th JUDICIAL DISTRICT

**MARK W. DOBRONSKI**, an individual,

Case No.      19-80501      **-GC**

      Plaintiff,

v.

**RENTOKIL NORTH AMERICA, INC.,**
A Pennsylvania corporation,

'19 OCT 15 AM 11:0

      Defendant.

---

Mark W. Dobronski
Post Office Box 85547
Westland, Michigan 48185-0547
Telephone: (734) 641-2300
Email: MarkDobronski@yahoo.com
Plaintiff *Pro Se*

---

### COMPLAINT

NOW COMES the Plaintiff, Mark W. Dobronski, appearing *in propria persona*, and for his complaint against Defendants alleges:

#### Parties, Jurisdiction, and Venue

1. This matter arises under the Telephone Consumer Protection Act of 1991 (hereinafter "TCPA"), 47 U.S.C. § 227, *et seq.* and the Michigan Telephone Companies as Common Carriers Act, M.C.L. § 484.101, *et seq.* (hereinafter "MTCCCA").

2. Plaintiff, Mark W. Dobronski ("Plaintiff"), is an individual, a citizen of the United States of America, of the age of majority, resides in Lima Township, Washtenaw County, Michigan, and has a place of business in the City of Westland, Wayne County, Michigan.

3. Upon information and belief, defendant RENTOKIL NORTH AMERICA, INC. ("Defendant"), is a corporation organized and existing under the laws of the State of Pennsylvania, and is qualified to do business in the State of Michigan, with a registered office being located in the City of Plymouth, Wayne County, Michigan.

4. This Court has jurisdiction over the subject matter of this complaint and venue is proper in this Court, pursuant to 47 U.S.C. § 227(c)(5) and M.C.L. § 600.1629(1)(b)(i) as the tortious or illegal conduct complained of occurred in this judicial district.

<u>General Allegations</u>

5. In response to widespread public outrage over intrusive telemarketing calls to homes and businesses, the United States Congress acted to prevent entities, like Defendant, from invading American citizen's privacy and to prevent abusive "robo-calls" by enacting the TCPA.

6. According to the Federal Communications Commission ("FCC"), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robo-calls."

7. Congress explicitly found that robo-calling is an invasion of privacy.

8. In regard to such telephone solicitations, Senator Hollings of South Carolina, the primary sponsor of the bill, explained, "computerized calls are the scourge of modern civilization. They wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone right out of the wall... these computerized telephone calls threaten our personal safety... These machines are out of control, and their use is growing by 30 percent every year. It is telephone terrorism, and it has got to stop...." <u>See</u> *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* 17

- 2 -

FCC Rcd. 17459 at note 90 (2002), quoting 137 Cong. Rec. 30,821-30,822 (Nov. 7, 1991).

9. The TCPA, at 47 U.S.C. § 227(b), promulgates in relevant part as follows:

"Restrictions on use of automated telephone equipment

(1) Prohibitions It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—

(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice – ...

(iii)   to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call is made solely to collect a debt owed to or guaranteed by the United States; . . . ."

10. Pursuant to authority delegated to it under the TCPA at 47 U.S.C. § 227(b)(2), the FCC has adopted regulations to implement and carry out the TCPA.

11. The TCPA regulations, at 47 C.F.R. § 64.1200(a), promulgate in relevant part:

"No person or entity may:

(1) Except as provided in paragraph (a)(2) of this section, initiate any telephone call (other than a call made for emergency purposes or is made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice; ...

(iii) To any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.  . . .

(2) Initiate, or cause to be initiated, any telephone call that includes or introduces an advertisement or constitutes telemarketing, using an automatic telephone dialing system or an artificial or prerecorded

- 3 -

voice, to any of the lines or telephone numbers described in paragraphs (a)(1)(i) through (iii) of this section, other than a call made with the *prior express written consent* of the called party...." [Emphasis added.]

12. The TCPA regulations, at 47 C.F.R. § 64.1200(b), promulgate:

"(b) All artificial or prerecorded voice telephone messages shall:

(1) At the beginning of the message, state clearly the identity of the business, individual, or other entity that is responsible for initiating the call. If a business is responsible for initiating the call, the name under which the entity is registered to conduct business with the State Corporation Commission (or comparable regulatory authority) must be stated; . . .

(3) In every case where the artificial or prerecorded voice telephone message includes or introduces an advertisement or constitutes telemarketing and is delivered to a residential telephone line or any of the lines or telephone numbers described in paragraphs (a)(1)(i) through (iii), provide an automated, interactive voice- and/or key press-activated opt-out mechanism for the called person to make a do-not-call request, including brief explanatory instructions on how to use such mechanism, within two (2) seconds of providing the identification information required in paragraph (b)(1) of this section. When the called person elects to opt out using such mechanism, the mechanism, must automatically record the called person's number to the seller's do-not-call list and immediately terminate the call. When the artificial or prerecorded voice telephone message is left on an answering machine or a voice mail service, such message must also provide a toll free number that enables the called person to call back at a later time and connect directly to the automated, interactive voice- and/or key press-activated opt-out mechanism and automatically record the called person's number to the seller's do-not-call list."

13. The TCPA, at 47 U.S.C. § 227(b)(3), provides for a private right of action, as follows:

"PRIVATE RIGHT OF ACTION. A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State –

(A) an action based on a violation of this *subsection or the*

- 4 -

*regulations prescribed under this subsection* to enjoin such violation,

.(B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages *for each such violation*, whichever is greater, or

(C) both such actions.

If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph." [Emphasis added.]

14. Pursuant to Congressional mandate set forth at 47 U.S.C. § 227(c)(1), the FCC adopted regulations establishing a national "do not call" database and prohibiting any person from making or transmitting a telephone solicitation to the telephone number of any subscriber included in such database, which regulations are set forth at 47 C.F.R. § 64.1200(c), and promulgate in relevant part:

"No person or entity shall initiate any telephone solicitation to: ...

(2) A residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. ....

15. The "do not call" proscriptions also are applicable to cellular or wireless telephone numbers, as set forth at 47 C.F.R. § 64.1200(e), which states:

"The rules set forth in paragraph (c) and (d) in this section are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers...."

16. Additionally, the TCPA, at 47 U.S.C. § 227(c)(5), as it relates to telephone numbers appearing of the do-not-call list, provides for a private right of action, as follows:

"Private right of action. A person who has received more than one

- 5 -

telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may, if otherwise permitted by the laws or rules of court of a State bring in an appropriate court of that State—

(A) an action based on a violation of the regulations prescribed under this subsection to enjoin such violation,

(B) an action to recover for actual monetary loss from such a violation, or to receive up to $500 in damages for each such violation, whichever is greater, or

(C) both such actions.

It shall be an affirmative defense in any action brought under this paragraph that the defendant has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under this subsection. If the court finds that the defendant willfully or knowingly violated the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph."

17. The MTCCCA, at M.C.L. § 484.125(2), proscribes as follows:

"A caller shall not use a telephone line to contact a subscriber at the subscriber's residence, business, or toll-free telephone number to do either of the following: . . .

(2) A caller shall not use a telephone line to contact a subscriber at the subscriber's residence, business, or toll-free telephone number to do either of the following:

(a) Deliver a recorded message for the purpose of presenting commercial advertising to the subscriber, unless either of the following occurs:

(i) The subscriber has knowingly and voluntarily requested, consented, permitted, or authorized the contact from the caller.

(ii) The subscriber has knowingly and voluntarily provided his or her telephone number to the caller.

- 6 -

18. The MTCCCA, at M.C.L. § 484.125(5), provides for a private right of action, as follows:

> "A subscriber contacted by a caller in violation of this section may bring an action to recover damages of $1,000.00, together with reasonable attorneys' fees."

19. Plaintiff's cellular telephone number ends in 9671.

20. Plaintiff's cellular telephone number is listed on the National Do Not Call Register maintained by the U.S. Federal Trade Commission pursuant to 16 C.F.R. Part 310 and has been so listed continuously since at least 2004 and at all times relevant hereto.

21. At no time relevant hereto has Plaintiff or any other authorized person requested, consented, permitted, or authorized the contact from the Defendant.

22. At no time relevant hereto has Plaintiff or any other authorized person provided prior express written consent to Defendant to initiate any telephone calls to Plaintiff's telephone line.

23. At no time has Plaintiff provided permission to the Defendant to engage in telephone solicitation with the Plaintiff via telephone.

24. Pursuant to 47 U.S.C. § 217, the act, omission, or failure of any officer, agent, or other person acting for or employed by an common carrier or user, acting within the scope of his employment, shall in every case also be deemed to be the act, omission, or failure of such carrier or user as well as that of the person.

25. Courts are legally bound to give great deference to the FCC's interpretations of the TCPA and its own regulations.

26. The FCC has clarified that sellers may be held vicariously liable for violations of the TCPA by third-party telemarketers that initiate calls to market the seller's products or services.

27. For each and every call alleged herein initiated to Plaintiff's telephone line, Plaintiff

- 7 -

suffered the injury of invasion of privacy and intrusion on Plaintiff's right of seclusion.

28. For each and every call alleged herein initiated to Plaintiff's telephone line, Plaintiff suffered the injury of the occupation of the telephone line by unwelcome calls, making the phone unavailable for legitimate callers or outgoing calls, including emergency calls, when the telephone line was seized by Defendants's calls.

29. For each and every call alleged herein initiated to Plaintiff's telephone line, Defendant caused an injury in the form of a nuisance and annoyance to the Plaintiff. For calls that were answered, Plaintiff had to go to the unnecessary trouble of answering them. Even for unanswered calls, Plaintiff had to deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features on Plaintiff's telephone, which features are designed to inform the user of important missed communications.

30. Each and every call placed without consent by Defendants alleged herein to Plaintiff's telephone line resulted in the injury of a trespass to Plaintiff's chattel, namely Plaintiff's telephone line and its telephone services.

31. As a result of the telephone calls described herein, Plaintiff suffered an invasion of privacy.

32. For purposes of the TCPA, the FCC has defined "willfully or knowingly" to mean that the violator knew that he was doing the act in question, in this case, initiating a telephone solicitation, irrespective of any intent to violate the law. A violator need not know that his action or inaction constitutes a violation; ignorance of the law is not a defense or mitigating circumstance.

33. Plaintiff's telephone lines have been besieged with telemarketing calls hawking such things as alarm systems, Google listings, automobile warranties, health insurance, life insurance,

- 8 -

credit cards, and even financial miracles from God.

Allegations Common to this Complaint

34. On at least the following five (5) dates and time[1], Plaintiff received incoming telephone calls to his cellular telephone from telephone number 888-761-3030:

| Date | Time |
| --- | --- |
| August 28, 2019 | 10:33 AM |
| September 5, 2019 | 8:26 AM |
| September 11, 2019 | 10:06 AM |
| September 25, 2019 | 9:50 AM |
| October 2, 2019 | 10:07 AM |

35. On each occasion upon answering the telephone call, Plaintiff noted a period of silence of 3-4 seconds after Plaintiff would repeatedly say "hello" before a prerecorded message would begin playing stating:

"Hello, this is J. C. Ehrlich Pest Control calling you . . . ."

The message would then repeat itself.

36. At no time during the message was there ever an "opt out" option provided.

37. On more than one occasion, Plaintiff did telephone the number and clearly and unambiguously make demand that Plaintiff's cell phone number be placed on the caller's internal "do not call" list. Despite these lawful demands, the prerecorded message calls continued.

---

[1] These are the dates and times that Plaintiff answered calls. There are additional dates and times where Plaintiff did not answer the incoming initiated call. Plaintiff reasonably believes that during the course of discovery additional illegal calls will be identified. Accordingly, at completion of discovery, Plaintiff reserves the right to amend his Complaint to include the additional calls.

- 9 -

## COUNT I
## VIOLATION OF THE TCPA - ROBOCALL

38. Plaintiff incorporates the allegations of paragraphs 1 through 37, *supra*.

39. Each of the 5 telephone calls alleged in paragraph 34, *supra*, were in violation of the TCPA, specifically 47 U.S.C. § 227(b)(1)(a) and 47 C.F.R. § 64.1200(a)(1), as Defendants initiated a telephone call using an automated telephone dialing system and a prerecorded voice to Plaintiff's cellular telephone number without the prior express written consent of the Plaintiff.

40. The aforesaid violations of the TCPA were wilful and/or knowing.

## COUNT II
## VIOLATION OF THE TCPA - DO NOT CALL

41. Plaintiff incorporates the allegations of paragraphs 1 through 40,*supra*.

42. Each of the 5 telephone calls alleged in paragraph 34, *supra*, were in violation of the TCPA, specifically 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c)(2), as Defendants initiated a telephone call to a telephone number registered on the national do-not-call registry.

43. The aforesaid violations of the TCPA were wilful and/or knowing.

## COUNT III
## VIOLATION OF THE TCPA - FALSE NAME

44. Plaintiff incorporates the allegations of paragraphs 1 through 43, *supra*.

45. Each of the 5 telephone calls alleged in paragraph 34, *supra*, were in violation of the TCPA, specifically 47 C.F.R. § 64.1201(b)(1), as the prerecorded voice telephone message did not, at the beginning of the message, state clearly the identity of the business under which the entity is registered to conduct business with the Michigan Department of Licensing and Regulatory Affairs, Corporation Division.

- 10 -

46. The aforesaid violations of the TCPA were wilful and/or knowing.

## COUNT IV
## VIOLATION OF THE TCPA - NO OPT OUT

47. Plaintiff incorporates the allegations of paragraphs 1 through 46, *supra*.

48. Each of the 5 telephone calls alleged in paragraph 34, *supra*, were in violation of the TCPA, specifically 47 C.F.R. § 64.1200(b)(3), as the prerecorded voice telephone message did not provide an automated, interactive voice- and/or key-press-activated opt-out mechanism for the called person to make a do-not-call request.

49. The aforesaid violations of the TCPA were wilful and/or knowing.

## COUNT V
## VIOLATION OF THE MTCCCA

50. Plaintiff incorporates the allegations of paragraphs 1 through 49, *supra*.

51. Each of the 5 telephone calls alleged in paragraph 34, *supra*, were in violation of the MTCCCA, specifically M.C.L. 484.125(2)(a), as the Defendant used a telephone line to contact the Plaintiff to deliver a recorded message to the Plaintiff without the Plaintiff having knowingly and voluntarily requested, consented, permitted, or authorized the contact from the Defendant or the Plaintiff having knowingly and voluntarily provided his telephone number to the Defendant.

## PRAYER FOR RELIEF

WHEREFORE, the aforesaid premises considered, Plaintiff prays that this Court enter a judgment for Plaintiff and against the Defendant, as follows:

A. Damages, as follows:

I. As to Count I:  Damages in the amount of $500.00 for each of the 5 calls, for damages of $2,500.00, which amount shall be trebled because the violations were willful or

- 11 -

knowing, bringing the sum to $7,500.00;

II. As to Count II: Damages in the amount of $500.00 for each of the 5 calls, for damages of $2,500.00, which amount shall be trebled because the violations were willful or knowing, bringing the sum to $7,500.00;

III. As to Count III: Damages in the amount of $500.00 for each of the 5 calls, for damages of $2,500.00, which amount shall be trebled because the violations were willful or knowing, bringing the sum to $7,500.00;

IV. As to Count IV: Damages in the amount of $500.00 for each of the 5 calls, for damages of $2,500.00, which amount shall be trebled because the violations were wilful or knowing, bringing the sum to $7,500.00;

V. As to Count V: Damages in the amount of $1,000.00 for each of the 5 calls, for damages of $5,000.00.

The total amount of damages being sought in this action being $35,000.00; however Plaintiff waives the right to recover damages in excess of $25,000.00 in order to remain within the jurisdiction of the district court, and in the event of a default judgment, the sum certain amount of damages which Plaintiff will seek is $25,000.00. In the event this case is removed from the district court, Plaintiff rescinds said waiver.

B. An award of Plaintiff's taxable costs and disbursements incurred in the filing and prosecution of this action; and,

C. Such other and further relief as this Court deems necessary, reasonable, prudent and proper under the circumstances.

Respectfully submitted,

Dated:   October 15, 2019

Mark W. Dobronski

Mark W. Dobronski
Post Office Box 85547
Westland, Michigan 48185-0547
Telephone: (734) 641-2300
Email: MarkDobronski@yahoo.com
Plaintiff *Pro Se*

- 13 -

## VERIFICATION

State of Michigan  )
                   ) *ss;*
County of Wayne    )

MARK W. DOBRONSKI, being first duly sworn, says:

1. I am the Plaintiff in the foregoing matter, of the age of majority, and I have direct and personal knowledge of the facts in dispute.

2. I have read the Complaint in the foregoing matter, and I know the contents thereof. The matters stated in the Complaint are true in substance and in fact, except as to those matters stated to be upon information and belief, and as to those matters I believe them to be true.

3. If sworn as a witness, affiant can testify competently to the facts as set forth in the Complaint.

Further, affiant sayeth naught.

_____
Mark W. Dobronski

Subscribed and sworn to before me
this **15th** day of October, 2019.

_____

KAREN E. MERRITT
Notary Public, State of Michigan
County of Wayne
My Commission Expires Nov. 14, 2025
Acting in the County of _Wayne_

- 14 -